**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERTO VINCENT POGGIO, | No. 23-55685 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-02115-CJC-ADS |
| v. | |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 11, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Alberto Poggio appeals the district court's denial of his motion to enforce

the court's order and final judgment against the United States Office of Personnel

Management ("OPM") in a suit brought under the Administrative Procedure Act

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("APA"), 5 U.S.C. § 701 *et. seq.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Poggio—an enrollee in the Blue Cross Blue Shield Service Benefit Plan under the Federal Employees Health Benefits Act—contracted with Jet Rescue for emergency air transportation to the United States while abroad. Poggio paid a $90,000 retainer, which Jet Rescue agreed to accept as full payment if the full billed charges could not be recovered from Poggio's insurer. After Blue Cross denied Poggio's reimbursement claim in full, the district court held that he was entitled to reimbursement and entered a judgment ordering OPM to determine the appropriate amount. Pursuant to that order, OPM directed Blue Cross to reprocess Poggio's claim, and the carrier determined he was entitled to a $89,850 reimbursement.[1]

Poggio then filed the motion to enforce the prior judgment. The district court denied the motion, finding that Poggio had failed to exhaust administrative remedies. A plaintiff must "exhaust available administrative remedies before bringing their grievances to federal court" under the APA. *Idaho Sporting Cong., Inc. v. Rittenhouse*, 305 F.3d 957, 965 (9th Cir. 2002) (citing 5 U.S.C. § 704). That ruling was correct. OPM regulations require individuals to "exhaust *both the*

---

[1] The $89,850 amount was calculated from the $90,000 retainer minus Poggio's $150 copayment.

2

*carrier and OPM review processes* . . . before seeking judicial review of the denied claim." 5 C.F.R. § 890.105(a)(1) (emphasis added); *see also Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 397 (9th Cir. 2002).

Poggio argues that he was not required to exhaust administrative remedies because he simply "sought relief . . . for the noncompliance with the order and final judgment." Poggio's argument is misplaced. The district court never ordered OPM to approve a claim for a certain sum. Instead, it ordered OPM to determine "the amount that [Poggio] should be reimbursed for his claim in a manner *consistent with the Plan and all applicable statutes and regulations*." Therefore, to the extent Poggio disagreed with the reimbursement amount offered by Blue Cross, he should have appealed through the proper administrative channels, which he failed to do.

Because Poggio has failed to administratively exhaust his claims, we need not reach any other arguments.

**AFFIRMED.**